UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 04-50143-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING |
| vs. | ) | MOTIONS FOR |
| | ) | DISCLOSURE AND |
| PHILIP NO NECK, | ) | DISCOVERY |
| | ) | |
| Defendant. | ) | |

Defendant, Philip No Neck, moves the court to compel notice of hearsay statements. The government argues it has complied with the rules of discovery. The motion is granted.

## DISCUSSION

Defendant requests notice of specific out-of-court statements made by complaining witnesses the government intends to use at trial, the name of the witness through whom the statement will be offered, the specific circumstances during which the statements were made, and the grounds upon which admission will be sought. The government contends it has turned over all records it has in its possession. The United States alleges that defendant has been served with all statements given by the two children to other persons about the incidents. The government alleges it has also turned over videotape copies of the statements that were recorded

and has allowed review of the videotapes by defendant and defendant's expert at the United States Attorney's Office.

"To be admissible under the residual hearsay exception . . . [t]he proponent of the evidence must give the adverse party the notice specified within the rule." United States v. Balfany, 965 F.2d 575, 581 (8th Cir. 1992). The government contends it has disclosed all the information it is required to disclose under Federal Rule of Evidence 807 which provides:

> [A] statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Fed. R. Evid. 807. Evidence will only be admissible under Rule 807 if the United States complies with the procedural requirements of the rule. See United States v. Eagle, 137 F.3d 1011, 1015 (8th Cir. 1998) (citing United States v. St. John, 851 F.2d 1096, 1097-98 (8th Cir. 1988) (conditioning admissibility on the government meeting all procedural requirements of Rule 803(24)). The government is required to meet the procedural requirements (providing intent to offer the statement, the particulars of the statement, and the name and address of the declarant) one month before trial. Id. at 1015.

Due to a continuance, the trial is scheduled for Tuesday, November 1, 2005. The procedural requirements of Rule 807 necessitate that the

government notify No Neck of the statements it will offer, the context of the statements, and the name and address of the declarants by **September 30, 2005**. It is hereby

ORDERED that the discovery motion (Docket 40) is granted.

Dated July 18, 2005.

        BY THE COURT:


        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE